**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT**
**JUDGE**

**FRANK R. LAUTENBERG**
**POST OFFICE AND**
**COURTHOUSE**
**2 FEDERAL SQUARE, ROOM**
**417**
**NEWARK, NJ 07102**
**973-297-4851**

March 18, 2016

VIA ECF

**LETTER ORDER**

**Re: Freedom From Religion Foundation, et al. v. Morris County Board of Chosen Freeholders, et al.**
**Civil Action No. 16-185**

Dear Litigants:

The Court has reviewed Plaintiffs Freedom from Religion Foundation and David Steketees' ("Plaintiffs") Motion to Remand this matter to the New Jersey Superior Court. D.E. 2. For the reasons stated below, the Plaintiffs' motion for remand is granted. Plaintiffs' request for attorneys' fees is denied.

Plaintiffs originally filed a complaint for declaratory and injunctive relief in New Jersey Superior Court against Defendants Morris County Board of Chosen Freeholders, The Morris County Preservation Trust Fund Review Board, and Joseph A. Kovalcik, Jr. (collectively "Defendants"). D.E. 1, Ex. A. On January 12, 2016, Defendants removed this matter to this Court. D.E. 1. Plaintiffs' primary allegation is that the Defendants are using taxpayer money to fund restoration of churches,[1] in violation of Article I, Section III of the New Jersey Constitution and the New Jersey Civil Rights Act ("NJCRA"). Defendants contend that the state laws run contrary to and are preempted by the Fourteenth Amendment to the United States Constitution as well as the Religious Land Use and Institutionalized Persons Act ("RLUIP"). Since these federal laws will be at issue in this case, Defendants argue this case "arises under" federal law and is therefore subject to federal jurisdiction. Plaintiffs now argue that removal of this action was improper because (1) the case does not "arise under" the U.S. Constitution or federal law and (2) the state law claims are not completely preempted by federal law. The Court agrees.

[1] Defendants purportedly fund the preservation of historical buildings, including certain churches.

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The party initially removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy, since removal statutes are "strictly construed and all doubts should be resolved in favor of remand." *Id*. Here, Defendants have not met their burden of establishing federal jurisdiction and therefore the case shall be remanded to the New Jersey Superior Court.

A district court's subject matter jurisdiction in civil cases is dictated by 28 U.S.C. § 1331-32 which define both federal question and diversity jurisdiction. Federal question jurisdiction grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, courts look to a plaintiff's complaint to determine whether a case "arises under" federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, *Grable* defined the outer limits of Section 1331 by allowing federal jurisdiction in the absence of a federal claim on the face of the complaint in cases where the state law claim (1) "necessarily raise[s] a stated federal issue, actually disputed and substantial"; and (2) "a federal forum may entertain [the issue] without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314. The *Grable* decision was subsequently clarified and narrowed, with the Supreme Court concluding that only a "slim category" of state law claims satisfy this two-part test. *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 701 (2006); *see also Brown v. Organon USA, Inc.*, No. 07–3092, 2008 WL 2625355, at *4 (D.N.J. June 27, 2008) (describing *Grable* jurisdiction as "narrow and unusual"). As recently as November 2015, the Third Circuit determined that the first prong of the *Grable* test means that "***an element*** of the state law claim ***requires*** construction of federal law," *MHA LLC v. HealthFirst, Inc.*, No. 15-1715, 2015 WL 7253669, at *2 (3d Cir. Nov. 17, 2015) (emphasis added), thereby resulting in a narrower interpretation of the first prong of *Grable*.

The Plaintiffs here brought their claims under the New Jersey Constitution and the NJCRA. D.E. 1, Ex. A. There are no express federal claims in the complaint. The NJCRA provides for a private action whenever the alleged victim "has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or the law of the United States . . . or laws of this state." N.J.S.A. § 10:6-2(c). The Plaintiff bringing an action under the NJCRA therefore has a choice between alleging a violation of its federal or state constitutional rights. *See Concepcion v. CFG Health Sys. LLC,* No. 2:13-CV-02081 DMC, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) ("[C]ase law in this district shows that claims under the NJCRA that allege violations of state constitutional rights should be heard in state court"); *Ortiz v. Univ. of Med. & Dentistry of N.J.*, No. 08-2669, 2009 WL 737046, at *10 (D.N.J. Mar. 18, 2009) (discussing plaintiff's choice in bringing action under NJCRA and finding that plaintiff expressly pled violation of the United States Constitution); *Vitellaro v. Mayor & Twp. Council of Twp. of Hanover*, No. CIV. A. 09-3310 WJM, 2009 WL 5204771, at *4 (D.N.J. Dec. 23, 2009) (concluding that Plaintiff "has pleaded alleged violations of her *state,* not federal, constitutional rights" and therefore granting Plaintiff's remand to state court).

Here, the Plaintiffs have opted to allege a violation of their state rights, placing this case squarely within the jurisdiction of the state court. Although Defendants' arguments center around potential federal defenses they may raise, that does not bring Plaintiffs' original cause of action within the jurisdiction of this Court. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 14 (1983) ("[I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

A complaint that fails to assert a federal claim can nevertheless be subject to federal jurisdiction when federal law *completely* preempts the state law claim. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987). Complete preemption is found when (1) "the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate;" and (2) "there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law." *Allstate Ins. Co. v. 65 Sec. Plan*, 879 F.2d 90, 93 (3d Cir. 1989). This, again, is an extremely narrow exception, applying only when either *expressly provided by Congress* or when "a federal statute *wholly displaces* the state-law cause of action through complete pre-emption." *Id*. (emphasis added).

The Court finds that neither the Equal Protection clause nor the RLUIP completely preempt Article I, Section III of the New Jersey Constitution or the NJCRA. Defendants argue that the Equal Protection clause is incompatible with the provision at issue in the New Jersey State Constitution, and therefore completely preempts this provision. However, this is not relevant for the two-pronged test set out by the Third Circuit in determining complete preemption. There is no evidence of congressional intent to completely preempt this area of the law, and neither the Fourteenth Amendment nor the RLUIP explicitly recognize a cause of action. Complete preemption is a rare and high standard, requiring that a federal statute "wholly displaces the state-law cause of action." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). This standard has not been met here and the Court accordingly finds no complete preemption of the alleged state causes of action.

Plaintiffs additionally request costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under § 1447(c), fees may be awarded when the removing party lacks "an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This standard requires that "the assertion in the removal petition that the district court had jurisdiction was . . . at best insubstantial." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1261 (3d Cir. 1996). The Court finds that Defendants were objectively reasonable in seeking removal. At a minimum, Defendants had a good faith belief that Plaintiffs' claims would require interpretation of the Fourteenth Amendment and a federal statute and therefore removal was proper. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (awarding fees simply because party did not prevail "could discourage all but the most airtight claims, for

seldom can a prospective Plaintiff be sure of ultimate success"). Accordingly, Plaintiffs' request for attorneys' fees is denied.

Because this Court does not have original jurisdiction, as required by 28 U.S.C. § 1441(b), this case will be remanded to New Jersey Superior Court.

Plaintiffs' motion for remand is therefore **GRANTED**. Plaintiffs' request for attorneys' fees is **DENIED**.

**SO ORDERED.**

**s/ John Michael Vazquez**
**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**